IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06CV191

| | | |
|---|---|---|
| JUDITH B. TEAGUE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| TARGET CORPORATION d/b/a | ) | |
| TARGET STORES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court upon Defendant Target's Motion to Compel. Plaintiff Teague, a former employee of the Defendant, brought the instant action alleging that Target discriminated against her on the basis of gender in violation of N.C.Gen.Stat. § 143.422.2. Teague has also asserted a claim for intentional infliction of emotional distress. Plaintiff seeks to recover lost wages and benefits, as well as compensatory and punitive damages.

On May 17, 2006, Target served Plaintiff with its First Set of Interrogatories and First Requests for Production of Documents. Certain of the interrogatories and requests for production requested that Plaintiff provide relevant information about her health care providers as well as records from Plaintiff's prior and subsequent employers, health care providers, and the Employment Security Commission. Along with its discovery requests, Target provided proposed authorization and release forms for the Plaintiff to sign permitting Target to obtain these records. Plaintiff responded to the discovery requests by providing certain information, but failed to produce any of the requested records or sign the authorization and release forms. Since that

time, Plaintiff has supplemented her responses several times, but has still failed to produce complete medical and pharmacy records from all providers identified in response to Target's discovery requests. Plaintiff has also refused to sign the authorization/ releases allowing Target to obtain the medical and pharmacy records on its own.

Since Plaintiff is seeking compensatory damages for emotional distress, it is clear that the information and records sought by the Defendant are discoverable. Indeed, Plaintiff has never objected to any of Defendant's discovery requests. Moreover, prior to filing her brief in opposition to Defendant's Motion to Compel, Plaintiff never stated any objections to providing the authorizations/releases or provided any reasonable explanation for her failure to produce them.

Plaintiff maintains that she is attempting to comply with Target's discovery requests. However, it appears to the court that after a period of more than five months since the initial discovery requests were made, Plaintiff is either unable or unwilling to provide Defendant with complete responses.

Plaintiff asserts that Target's request for executed authorizations is an attempt to allow Target to engage in inappropriate *ex parte* communication with Plaintiff's treating physicians, citing Neal v. Boulder, 142 F.R.D. 325 (D.Colo. 1992). However, Plaintiff's reliance on the Neal case is misplaced. Unlike in the present case, in Neal, the medical authorizations sought were extremely broad in scope and permitted not only the production of medical documentation, but allowed for *ex parte* communication with plaintiff's treating physicians. Neal, 142 F.R.D. at 326.
Moreover, the defense counsel in that case has a history of misusing medical authorizations and

creating subsequent problems in litigation as a result of *ex parte* communications with third party treating physicians.  Id.

The court has reviewed the authorization form Target has proposed in this case.  It is extremely narrow in scope and only requests medicals records and documentation from Plaintiff's medical providers, not the right to communicate freely with those health care providers. Moreover, Plaintiff's ongoing failure to provide complete and accurate information regarding her health care treatment, despite continual prompting from the Defendant, has demonstrated that the only way that Target can be certain that it will obtain the necessary medical records is to request the information directly from each provider.  See Butler v. Burroughs Welcome, Inc., 920 F.Supp. 90, 91 (E.D.N.C. 1996) (granting motion to compel where plaintiff in ADA case had resisted disclosing her medical records, produced incomplete and illegible records and refused to supply defendant with appropriate authorizations and release forms). Accordingly,

IT IS THEREFORE ORDERED that Defendant's Motion to Compel is hereby GRANTED, and Plaintiff is hereby directed to fully respond to Target's discovery requests, including providing complete interrogatory answers regarding her health care treatment, along with medical records in her possession and executed authorization/ release forms within ten days.

IT IS FURTHER ORDERED that Defendant is hereby directed to provide the court with an affidavit of counsel outlining what costs and fees were incurred in pursuing the Motion to Compel.

Signed: December 11, 2006

Graham C. Mullen
United States District Judge