IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06CV191

JUDITH B. TEAGUE,                              )
                                               )
        Plaintiff,                             )
                                               )
vs.                                            )              ORDER
                                               )
TARGET CORPORATION d/b/a                       )
TARGET STORES, INC.,                           )
                                               )
        Defendant.                             )
_____        )

This matter is before the court upon Defendant's Motion for Sanctions. Defendant seeks

to have the court dismiss Plaintiff's claim for back pay due to spoliation of material evidence.

Plaintiff, a former employee of the Defendant Target, was terminated from her job on

February 17, 2003. She filed this action alleging that she was wrongfully terminated on the basis

of her gender in violation of public policy articulated in N.C. Gen. Stat. §143.422.2. She also

asserts a claim for intentional infliction of emotional distress. Plaintiff seeks to recover lost

wages and benefits, compensatory, and punitive damages. Target has asserted various

affirmative defenses to Plaintiff's claims, including failure to mitigate.

During discovery in this case, it was revealed that Plaintiff owned a home computer from

December 1995 until August of 2004, on which she conducted her entire on-line job search after

leaving Target, including researching job opportunities on the internet, submitting on-line

employment applications, and exchanging emails with prospective employers. Plaintiff also used

this computer to send and receive emails regarding her termination from Target and her claims of

gender discrimination. Plaintiff claims that she discarded this computer because it "crashed" and

her brother, who "dabbles" with computers, was unable to get the hard drive to work.  Plaintiff

claims she decided to buy a new computer during the tax-free weekend in August of 2004.

Plaintiff admits she never took the computer to any type of computer professional to determine of

it could be repaired.  The computer as discarded approximately one year after she had retained

counsel regarding her prospective claims against Target and after she filed her charge of

discrimination with the EEOC.  Since the home computer was discarded, the only documented

evidence of Teague's post-termination job search is the work search records she submitted to the

North Carolina Employment security Commission ("ESC") to substantiate her claim for

unemployment benefits.  Teague has testified in her deposition that the ESC work search records

are not necessarily complete, since she only recorded the two job applications she was required to

make each week in order to qualify for benefits.  Moreover, there are contradictions between the

ESC records and Teague's interrogatory answers regarding her job search.

Defendant alleges that Plaintiff engaged in the spoliation of electronic evidence.

"Spoliation refers to the destruction or material alteration of evidence or to the failure to preserve

property for another's use as evidence in pending or reasonably foreseeable litigation."  Silvestri

v. General Motors Corp., 271 F.3d 583, 590 (4th Cir. 2001).   Parties have an affirmative duty to

preserve material evidence.  This duty arises long before the filing of an initial pleading in

litigation.  The Fourth Circuit states that the duty extends to that period prior to litigation "when

a party reasonably should know that the evidence may be relevant to anticipated litigation." Id. at

591.   In this case, Plaintiff discarded the computer well after she had retained counsel and filed

her EEOC charge. Moreover, the computer contained evidence directly related to her lawsuit

against Target.

While courts have broad discretion to sanction a party for spoliation, "the applicable

sanction should be molded to serve the prophylactic, punitive, and remedial rationales underlying the spoliation doctrine." Id. at 590 (quoting West v. Goodyear Tire & Rubber Co., 167 F.3d 776, 779 (2d Cir. 1999)). Target seeks to have the court sanction Plaintiff by dismissing her claim for back pay. However, utilizing a sanction of dismissal for spoliation is generally not authorized absent bad faith conduct. Cole v. Keller Industries, Inc., 132 F.3d 1044, 1047 (4th Cir. 1998).

Another available sanction for spoliation is the issuance of jury instructions permitting the jurors to draw an adverse inference from a party's destruction of evidence. Thompson v. U.S. Dept. Of Housing and Urban Dev., 219 F.R.D. 93, 100-01 (D.Md. 2003). Evidence of bad faith or fraudulent intent is not required to obtain this instruction. See Vodusek v. Bayliner Marine Co., 71 F.3d 148, 156 (4th Cir. 1995). Courts have held that three elements should be shown to warrant an adverse inference instruction for spoliation: (1) the party having control over the evidence had an obligation to preserve it when it was destroyed; (2) the destruction or loss was accompanied by a "culpable state of mind;" and (3) the evidence that was destroyed was irrelevant to the claims or defenses of the party that sought discovery of the spoliated evidence, to the extent that a reasonable factfinder could conclude that the lost evidence would have supported the claims or defenses of the party that sought it. Residential Funding Corp. v. Degeorge Financial Corp., 306 F.3d 99, 107-08 (2d Cir. 2002). A "culpable state of mind" could include bad faith/knowing destruction; gross negligence; and ordinary negligence. Id. at 108. The court finds each of these three elements present in this case. Plaintiff clearly had an obligation to preserve her computer because it contained electronic evidence relating to her claims against Target and her efforts to mitigate her damages. As noted earlier, she had already hired counsel and filed an EEOC charge. Under the circumstances the court concludes that there is enough evidence that Plaintiff discarded the computer with a "culpable state of mind." The

electronic information contained on the computer was clearly relevant to her claims and to the defenses of the Defendant. Accordingly, the court finds that an adverse inference instruction to the jury is warranted and appropriate.

IT IS THEREFORE ORDERED that Defendant's Motion for Sanctions is hereby GRANTED IN PART AND DENIED IN PART. The court will sanction the Plaintiff for spoliation of evidence by giving an adverse inference jury instruction at trial.

Signed: April 3, 2007

Graham C. Mullen
United States District Judge